JUSTICE BAKER
delivered the Opinion of the Court.
¶1 Christina Harrison fled the hospital after being transported there for a blood draw following her arrest for driving under the influence. Harrison sought to dismiss the resulting tampering with evidence charge. The District Court denied her motion and a jury convicted Harrison of tampering with evidence.[1] We reverse and remand.
PROCEDURAL AND FACTUAL BACKGROUND
¶2 A Missoula police officer pulled Harrison over in September 2013 after observing her driving at night with no headlights. After making contact with Harrison and observing various signs of intoxication, the officer administered preliminary field sobriety tests. Harrison failed the tests, and the officer asked her to take a preliminary breath test, which she refused.
¶3 The officer placed Harrison under arrest and transported her to the police station, where the officer applied for a telephonic search warrant to obtain a blood sample from Harrison. After obtaining the warrant, the officer transported Harrison to the hospital for a blood draw. There, the officer removed Harrison’s handcuffs to facilitate the blood draw. While the officer was filling out paperwork, Harrison fled. She was not located until the next day.
¶4 The State charged Harrison with tampering with or fabricating physical evidence in violation of § 45-7-207, MCA. The charge was based on Harrison’s leaving the hospital and thereby preventing a blood sample from being drawn. Harrison sought dismissal of the tampering charge on the ground that blood is not evidence until it is removed from the body. She relied on our decision in State v. Peplow, 2001 MT 253, 307 Mont. 172, 36 P.3d 922, to support her position.
¶5 The District Court denied Harrison’s motion. Harrison renewed *54 her motion following the State’s presentation of evidence, and the District Court again denied it. The jury found Harrison guilty. The court sentenced Harrison to a period of four years with all four years suspended for the tampering count. Harrison appeals her conviction and sentence for tampering.
STANDARD OF REVIEW
¶6 We review a district court’s decision on a motion to dismiss in a criminal case de novo. State v. Nelson, 2014 MT 135, ¶ 16, 375 Mont. 164, 334 P.3d 345. When the dismissal is based upon the interpretation or construction of a statute, we determine whether the district court’s interpretation or construction is correct as a matter of law. Nelson, ¶ 16.
DISCUSSION
¶7 Whether the District Court erred in concluding that Harrison’s blood, while still within her body, constituted physical evidence subject to tampering.
¶8 The District Court found Harrison’s arguments for dismissing the tampering count “pretty compelling,” but it “vacillated back the other way” after considering the State’s brief. After noting that there had recently “been a change in the law,” the court opined that this was “an issue that ought to be resolved” by this Court. The court concluded that it was “going to let this evidence go forward,” and that it would “go forward on all three counts.”
¶9 On appeal, Harrison asserts that our holding in Peplow controls. She contends that legislative changes to the implied consent statutes do not alter our ruling in that case. Harrison accordingly argues that the District Court erred in not dismissing the tampering charge.
¶10 The State counters by contending that Peplow is factually distinguishable from the instant case and was limited to the specific issue we considered in that case. Thus, the State asserts that Peplow is inapplicable. The State argues that even if Peplow is applicable, it is no longer controlling given amendments to the relevant statutory provisions.
¶11 In Peplow, the defendant was charged with tampering with evidence under § 45-7-207, MCA. Peplow, ¶ 11. The tampering charge was based on the fact that the defendant consumed alcohol following an accident and prior to his blood alcohol level being tested. Peplow, ¶ 11. We framed the issue as whether “consuming alcohol after a vehicle accident constitute^] tampering with physical evidence under *55 § 45-7-207, MCA." Peplow, ¶ 18.
¶12 Section 45-7-207, MCA, provides in pertinent part:
A person commits the offense of tampering with or fabricating physical evidence if, believing that an official proceeding or investigation is pending or about to be instituted, the person:
(a) alters, destroys, conceals, or removes any record, document, or thing with purpose to impair its verity or availability in the proceeding or investigationf.]
Section 45-7-207(1)(a), MCA. We noted in Peplow that while “physical evidence” is not defined in the tampering statute, “evidence” is defined in § 26-1-101(2), MCA. Peplow, ¶ 21. That section defines “evidence” as “the means of ascertaining in a judicial proceeding the truth respecting a question of fact, including but not limited to witness testimony, writings, physical objects, or other things presented to the senses.” Section 26-1-101(2), MCA. Reading the tampering statute together with the statutory definition of evidence, we clarified that the specific issue to be decided in Peplow was “whether a person’s blood alcohol content, as it exists inside their body and within their control, constitutes ‘physical evidence,’ or a ‘thing presented to the senses.’ ” Peplow, ¶ 22 (quoting § 45-7-207, MCA, and § 26-1-101(2), MCA).
¶13 In concluding that blood within an individual’s body does not constitute physical evidence or a thing presented to the senses, we emphasized that “evidence of alcohol or drugs in a person must be ‘shown by an analysis of the person’s blood or breath’ for it to be admissible.” Peplow, ¶ 25 (quoting § 61-8-404, MCA). “Stated otherwise,” we clarified, one’s blood alcohol level “is not evidence until it exists in a state capable of analysis.” Peplow, ¶ 25. We pronounced:
Section 61-8-404, MCA, clearly does not contemplate that potentially measurable amounts of alcohol, still within the human body, constitute evidence. Until one’s breath or blood has been obtained or collected for analysis, it simply cannot be considered “physical evidence,” as set forth in § 45-7-207, MCA, or a “thing presented to the senses,” as explained in § 26-1-101(2), MCA. Because a person’s blood alcohol level cannot be determined until he or she expels either a sample of blood, air, or urine, such fluids simply cannot be considered physical evidence prior to being removed from the body. We therefore conclude that physical evidence of one’s alcohol content is limited to that which is collected for analysis of the person’s blood or breath, under § 61-8-404, MCA. One’s blood, and blood alcohol level, while still within his body, simply is not physical evidence.
Peplow, ¶ 26. Such a conclusion, we stressed, “avoids absurd results.” *56 Peplow, ¶ 27. We thus held that “the District Court erred when it held that Peplow’s [blood alcohol level], while still within his body, constituted physical evidence subject to illegal tampering.” Peplow, ¶ 28.
¶14 The State’s contentions that the facts and issue presented in Peplow limit its application are misplaced. The fact that Peplow drank following an accident and prior to having his blood alcohol level tested did not prove central to our ultimate conclusion that “[o]ne’s blood, and blood alcohol level, while still within his body, simply is not physical evidence.” Peplow, ¶ 26. Similarly, the fact that we initially framed the issue as whether “consuming alcohol after a vehicle accident constitute^] tampering with physical evidence under § 45-7-207, MCA,” did not confine our final holding that “the District Court erred when it held that Peplow’s [blood alcohol level], while still within his body, constituted physical evidence subject to illegal tampering.” Peplow, ¶ 28. We are further unpersuaded by the State’s assertion that these explicit conclusions following detailed analysis are dicta.
¶15 Contrary to the State’s argument, the Legislature’s amendments to the implied consent statute, § 61-8-402(5), MCA, and the statute defining what may be seized with a search warrant, § 46-5-224(1), MCA, do not impact Peplow’s authority here. The issue Peplow addressed—and the issue on appeal here—is whether an individual’s blood, while still in her body, constitutes “physical evidence” under § 45-7-207, MCA. Peplow, ¶¶ 22, 28. While we cited other statutes in addressing this question—including § 61-8-402(1), MCA—our holding that blood inside an individual’s body does not constitute evidence subject to tampering rested on our interpretation of § 45-7-207, MCA, the definition of “evidence” under § 26-1-101(2), MCA, and what constitutes admissible evidence under § 61-8-404(1)(a), MCA. Peplow, ¶¶ 21-26. The relevant portions of those statutes have not been amended since our decision in Peplow.
¶16 The Legislature has enacted provisions allowing officers to obtain a search warrant for a driver’s blood in certain circumstances. Section 46-5-224(1), MCA—which the State emphasizes heavily—now provides that a “warrant may be issued under this section to search for and seize any... evidence, including blood samples that may yield evidence of any measured amount or detected presence of alcohol or drugs in a person’s body when subjected to testing.” This statute makes plain that blood samples may be seized pursuant to a search warrant. That does not, however, change what constitutes “evidence” in the first place. For starters, blood is not a “sample” until it is withdrawn. Plus, the new *57 language references blood samples “that may yield evidence.” Section 46-5-224(1), MCA (emphasis added). Finally, lack of a search warrant to draw Peplow’s blood was not pertinent to our conclusion that “[ofee’s blood, and blood alcohol level, while still within his body, simply is not physical evidence.” Peplow, ¶ 26 (emphasis added). The State’s arguments to the contrary are unavailing.
¶17 The State does not ask us to overrule Peplow. We hold that Peplow is dispositive in the present case. Its language affords but one interpretation. Until Harrison’s blood was “obtained or collected for analysis, it simply [could not] be considered ‘physical evidence’ as set forth in § 45-7-207, MCA, or a ‘thing presented to the senses,’ as explained in § 26-1-101(2), MCA.” Peplow, ¶ 26. Because Harrison’s “blood alcohol level cannot be determined until... she expels either a sample of blood, air, or urine, such fluids simply cannot be considered physical evidence prior to being removed from the body.” Peplow, ¶ 26. Consistent with this precedent, we conclude that “physical evidence of [Harrison’s] alcohol content is limited to that which is collected for analysis of [her] blood or breath.” Peplow, ¶ 26.
¶18 Finally, we reject the State’s argument that a ruling in Harrison’s favor will tie the hands of law enforcement in conducting investigations. As noted, the law authorizes a search warrant to obtain blood samples to detect the presence of alcohol or drugs. Section 46-5-224(1), MCA. Harrison’s actions at the hospital to evade the ordered blood draw resulted in her conviction for escape, and conceivably could have garnered an additional charge for obstructing a peace officer under § 45-7-302, MCA. In other words, there are specific statutory tools to ensure accountability for offenders who impede lawful investigations.
CONCLUSION
¶19 We conclude that the District Court erred in denying Harrison’s motion to dismiss when it determined that Harrison’s blood, “while still within [her] body, constituted physical evidence subject to illegal tampering.” Peplow, ¶ 28. We reverse Harrison’s conviction for tampering with evidence and remand for entry of judgment consistent with this opinion.
JUSTICES SHEA, SANDEFUR and RICE concur.

 The jury also convicted Harrison of driving under the influence and escape. Harrison does not challenge those convictions.